IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES H. GENTRY, #1521142 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv137 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner James H. Gentry, a prisoner confined at the Stiles Unit in Beaumont, Texas, proceeding *pro se,* filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he is entitled to relief based on numerous constitutional violations.

<u>Background</u>

Petitioner was charged with three counts of theft over $200,000, and two counts of theft over $100,000, but less than $200,000. After he pleaded guilty, the trial court assessed punishment at confinement for life in each of the theft over $200,000 cases, and 20 years' confinement in each of the theft over $100,000, but less than $200,000 cases. *State v. Gentry*, Cause Numbers 199-81623-07 through 199-81627-07. The Fifth District Court of Appeals affirmed his convictions on November 30, 2009. *Gentry v. State*, Nos. 05-08-01032-CR through 05-08-01036-CR (Tex. App.-Dallas Nov. 30, 2009, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review. *Gentry*, PDR Nos. 1810–09 through 1814-09. He also filed state applications for writ of habeas corpus in each conviction, but the Texas Court of Criminal Appeals denied them without written order on September 28, 2011. *Ex parte Gentry*, Appl. Nos. 76,024-01 through 76,024-06.

1

This action was filed separately from the other four convictions, and relates, specifically, to Collin County Cause Number 199-81624-07, Fifth Court of Appeals, Dallas, Cause No. 05-08-01033-CR, and PDR No. 1811-09 and WR76,024-06 from the Texas Court of Criminal Appeals. For this conviction, Petitioner was sentenced to twenty years' confinement.

In his § 2254 petition, Petitioner asserts numerous grounds for relief:

1. He pleaded guilty involuntarily based on trial counsel's ineffectiveness;

2. He was convicted without a trial, in violation of his due process rights;

3. He was denied effective assistance of counsel when counsel:

    a. failed to demand a hearing challenging the admissibility of his confession;

    b. helped to fabricate evidence by tricking him into signing a confession;

    c. failed to advise him of the availability of Chapter 13 bankruptcy;

    d. failed to identify and explain the elements of the charged offense;

    e. failed to make pre-trial objections to the indictments;

    f. failed to seek exculpatory and impeaching evidence;

    g, failed to conduct a pre-trial investigation;

    h. "abandoned" him and failed to advise Petitioner of his right to appeal, the necessity to file a notice of appeal, his right to file a motion for new trial, and possible grounds for appeal; and

    i. failed to advise Petitioner of the possibility of withdrawing his guilty plea;

4. There was no evidence to support his conviction;

5. The trial court abused its discretion by being biased against him, improperly denying his state habeas application, and failing to give him a full, fair, and adequate hearing;

6.    The prosecutor misled Petitioner and Petitioner's counsel by making promises that were never performed;

7.    Petitioner was denied effective assistance of counsel on appeal because appellate counsel failed to assist Petitioner with his motion for new trial and failed to assert reversible errors in his appellate brief; and

8.    The trial court had no jurisdiction because the document purporting to be a charging instrument completely fails to contain the name of the accused or state that his name is unknown and give a reasonably accurate description of him.

The Government filed a Response, asserting that Petitioner's issues are without merit, to which Petitioner filed a Reply.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with

respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v.*

*Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519.

A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter,* 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed.2d 624 (2011). "When § 2254(d) applies, the question is

not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* "If the standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d), as amended by AEDPA, "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this court's precedents. It goes no farther." *Id.* "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.*; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. 98, 131 S. Ct. at 784.

AEDPA also states that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254( e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez*, 274 F.3d at 948 n. 11. This presumption is especially strong where, as in this case, the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 449, 454 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000)).

Further, the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court, except for the narrow exceptions contained in § 2254(e)(2).

Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, " it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would not be helpful to a federal habeas petitioner.  28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  If a habeas petitioner failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty.  28 U.S.C. § 2254(e)(2).  Failing to meet this standard of diligence will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence.  *Williams*, 529 U.S. at 436, 120 S. Ct. at 1490.   Even if a petitioner can meet the foregoing standard, it is within this court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits.  *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

<u>Guilty Plea</u>

As a preliminary matter, the court will first examine Petitioner's assertion that his guilty plea was involuntary.  A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44.  A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea.

*Tollett v Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

If a petitioner challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Here, Petitioner claims that his plea was involuntary because his trial counsel did not explain the charges to him sufficiently, and gave him the false impression that he might be given a ten-year sentence. The court first notes that Petitioner has provided nothing but his conclusory allegation that his plea was involuntary or unknowing. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Petitioner has failed to allege any specific facts showing that he was not adequately informed of the nature of the charges against him or the consequences of pleading guilty prior to his guilty plea.

A review of the record shows that Petitioner signed the "Court's Admonishments to Defendant" and "Defendant's Waiver of Rights and Judicial Confession." In these documents, Petitioner acknowledged his rights, was informed of his range of punishment, and affirmed that his attorney "explained to me and I understand the legal effects of waiving my rights and the consequences of my plea." The court admonished Petitioner as to the charges against him. Petitioner told the court that he understood the charges against him and the range of punishment, but still wished to proceed with his plea of guilty. The following exchange occurred prior to the sentencing hearing (Court is referenced as "C" and Petitioner as "P"):

C:     [reciting charges and range of punishment]. Do you understand what you're charged with in each case?

P:     Yes, your Honor.

C:     Do you understand the range of punishment?

P:     Yes, your Honor.

C:     And it's my understanding that you intend to enter a plea of guilty today to each of these charges, but you and the State have not reached an agreement about what to do, what the consequences might be.

P:     Yes, Judge.

C:     I could go - do anything I've told you about in these, the full range of punishment. You understand that?

P:     Yes, sir, I do . . . .

C:     Okay. I have in front of me plea packages including the Open Plea Agreement, the Court's Admonitions, the Defendant's Waiver of Rights, the Certification of Right to Appeal, back time credit. It appears that you went over each of these with your lawyer. Did you, in fact, go over each of these documents?

P:     Yes, sir, I did.

C:       And you feel like you understood everything in each of these documents?

P:       Yes, sir, I believe I did, sir.

C:       Do you have any questions about anything that you saw or read or talked about in these documents?

P:       No, sir, I don't have any questions.

C:       It appears that where the Defendant was required to sign, that you actually signed. Those signatures that appear to be yours, are they, in fact, your signatures?

P:       Yes, they are, sir.

C:       Did you sign these documents freely, knowingly, and voluntarily?

P:       Yes, Your Honor.

C:       All right.  I'm going to hand you in open court the Certification of your Right to Appeal, and you signed these documents.  And I changed them after you signed them, so I want to make sure you understand you signed something that had checked, "This is not a plea bargain case, so you have a right to appeal."

But this is partially a plea bargain case.  You're pleading guilty to these charges, it's my understanding, and so I have checked that it is a plea bargain case.  But I'm giving you the right to appeal, and you do have the right to appeal punishment.

P:       Yes, sir.

C:       So you understand the change I made in these documents?

P:       Yes, sir, I do.

C:       All right.  I'm handing it to your lawyer to give to you.  Do you have any questions before I take your plea?

P:       No, your Honor.

C:       In each of these cases, how do you plead?

P:       I plead guilty, your Honor.

C:       Are you pleading guilty because you are guilty as alleged in each of the indictments?

P:    Yes, your Honor.

C:    Are you entering this plea freely and voluntarily?

P:    Yes, your Honor.

C:    Are you entering the plea because of any threat or force?

P:    No, your Honor.

C:    Are you entering the plea because of any fear or duress?

P:    No, sir.

C:    Are you entering the plea because somebody might have promised you something of benefit?

P:    No, sir.

C:    Are you entering the plea because of any false or delusive hope of pardon or parole?

P:    No, sir.

Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). His declarations in open court undermine any claims of involuntariness he now raises. *Rogers v. Maggio*, 714 F.2d 35, 38 N.5 (5th Cir. 1983). Petitioner has failed to meet his burden of rebutting the presumption of regularity accorded his signed court documents. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). Additionally, the Court of Criminal Appeals (CCA) considered Petitioner's claims, and implicitly concluded that his guilty plea was voluntary and knowing. The CCA denied his writ without written order, constituting an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472.

Petitioner fails to show that he did not understand the nature of a constitutional protection

that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). He fails to prove that he was given deficient or misleading advice or that, but for trial counsel's advice, he would have taken his chances at trial. Petitioner fails to show error under the first prong of the test. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984).

Petitioner claims that his attorney did not sufficiently explain the charge to him, gave him the false impression that he might be given a 10-year sentence, and failed to assist him in his decision to plead guilty. However, he has provided nothing but conclusory claims, and the record refutes his claims. *Davis*, 825 F.2d at 894 (the petitioner must present an independent indicia of the likely merit of his content – mere contradictions of his statements at the guilty plea does not meet his burden). Without evidence in the record, his bald assertions present nothing for review. *Ross*, 694 F.2d at 1011. He fails to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-71, 88 L. Ed.2d 203 (1985). A guilty plea must be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya*, 226 F.3d at 404.

Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny

relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

Due Process Violation

Petitioner alleges that he is entitled to relief based on the violation of his due process rights. The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed.2d 100 (1990). Due process guarantees that a government actor cannot deprive a person of a constitutionally protected interest in life, liberty, or property without adequate procedural protections. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S.532, 533, 105 S. Ct. 1487, 1489, 84 L. Ed.2d 494 (1985). The key to a procedural due process claim is whether the petitioner was afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest. *Id*.

Specifically, Petitioner argues that his due process rights were violated because the indictment alleges theft of "United States currency," and none of the witnesses during the sentencing phase used the words, "United States currency" in describing the money taken from them. Petitioner pleaded guilty; thus, the State was under no burden to provide evidence of guilt. *Id*. This issue is frivolous and without merit, lacking an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1831-32, 104 L. Ed.2d 338 (1989).

Petitioner also alleges that a defect in his indictment nullified the trial court's jurisdiction. However, as discussed above, Petitioner pleaded guilty and stipulated to the evidence supporting his conviction. Thus, his guilty plea waived "any and all defects, errors or irregularities, whether of form or substance, in the charging instrument." He has failed to rebut the presumption of regularity afforded to these documents. *Carter v. Collins*, 918 F.2d 1198, 1202 n. 4 (5th Cir. 1990). Furthermore, the sufficiency of a state indictment is not a matter for federal habeas corpus review

13

unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Petitioner has not met that burden. It is well-settled that federal court do not function to review a state court's interpretation of its own laws. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). The CCA rejected Petitioner's claim concerning the indictment. Thus, Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

Ineffective Assistance of Counsel at Trial

Petitioner claims that his trial counsel was ineffective in numerous instances.

Legal Standard

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to

counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Because Petitioner pleaded guilty knowingly and voluntarily, and his plea was not the result of ineffective assistance of counsel, many of his claims are waived. The following issues are waived because when Petitioner pleaded guilty, he waived any non-jurisdictional challenges to the conviction, *United States v. Davila*, 698 F.2d 715 (5th Cir. 1983):

a.     counsel failed to demand a hearing challenging the admissibility of the confession;

b.     counsel helped to fabricate evidence by tricking him into signing a confession;

c.     counsel failed to advise him of the availability of Chapter 13 bankruptcy;

d.     counsel failed to identify and explain the elements of the charged offense;

e.     counsel failed to make pre-trial objections to the indictments;

f.     counsel failed to seek exculpatory and impeaching evidence; and

g,     counsel failed to conduct a pre-trial investigation;

15

A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Henderson*, 411 U.S. at 267, 93 S. Ct. at 1608. These issues concern counsel's actions or inactions prior to Petitioner's guilty plea; thus, they are waived. *Id*.

<u>Failure to Advise Concerning Appeal and Motion for New Trial</u>

Petitioner complains that counsel "abandoned" him. He alleges that counsel failed to advise him of his right to appeal, the necessity to file a notice of appeal, his right to file a motion for new trial, and possible grounds for appeal. Again, Petitioner has provided no evidence of this claim, other than his self-serving conclusory allegation. *Ross*, 694 F.2d at 1012. Moreover, the record shows that a timely notice of appeal was filed, the Court of Appeals, Fifth District of Texas at Dallas considered and ruled on Petitioner's direct appeal, and a *pro se* motion for new trial was filed. The court did not rule on Petitioner's *pro se* motion for new trial because there is no constitutional right to hybrid representation. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996). Since Petitioner was represented by counsel, he waived the right to present his own *pro se* motions, petitions and documents. *Myers*, 75 F.3d at 1335.

Petitioner fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is frivolous and without merit. *Neitzke*, 490 U.S. at 325, 109 S. Ct. at 1831-32.

<u>Failure to Advise that Petitioner Could Withdraw his Guilty Plea</u>

Petitioner next complains that counsel failed to advise him that he could withdraw his guilty plea. However, he provides no evidence nor points to any in the record to support his contention. Petitioner's conclusory allegations are insufficient to entitle him to habeas relief. *Ross*, 694 F.2d at

1011.   Petitioner has also failed to overcome the presumption that counsel was using trial strategy in admitting guilt and seeking mercy from the court.   Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and relevant facts are made.   *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066.   On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy.   *Id.*, 466 U.S. at 689, 104 S. Ct. 2065.

Petitioner has not shown deficient performance, nor has he shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.   *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.   Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief.   *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.   Moreover, Petitioner has failed to show that  the state court proceedings resulted in  a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18;  *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at  784.

### No Evidence

Petitioner claims that his conviction is void because there is no evidence to support his conviction.   However, it has been established that Petitioner's plea of guilty was knowing and

voluntary. A knowing and voluntary plea of guilty makes a showing of evidence unnecessary. *Kelly v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981) (the requirement that sufficient evidence be shown is inapplicable to convictions based on a guilty plea). Although Petitioner spends a great deal of time in his Reply attempting to convince the court otherwise, the court has determined that Petitioner's guilty plea is knowing and voluntary. Thus, Petitioner's claim is frivolous, lacking "an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325, 109 S. Ct. at 1831-32. Additionally, Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

<u>Abuse of Trial Court Discretion</u>

Petitioner asserts that the trial court abused its discretion because it was biased against him and improperly recommended the denial of his state habeas application. He complains that he did not receive a full, fair, and adequate hearing in state court proceedings. He complains that the court did not properly admonish him of the offense charged against him, identify the property he was accused of stealing, acknowledge Petitioner's proclaimed innocence, and even assisted the State in introducing evidence that the prosecutor was otherwise unable to introduce. Once a criminal defendant has pleaded guilty, all non-jurisdictional defects in the proceedings are waived, except those relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Davila*, 698 F.2d 715. The court has already concluded that Petitioner's

18

guilty plea was knowing and voluntary, and these claims do not raise questions concerning the voluntariness of his plea. Accordingly, they are waived by his guilty plea. *Id.*

Furthermore, it is well-established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . because an attack on the state proceedings is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001). Petitioner's guilty plea waives this claim, and it is not cognizable in the instant proceeding. *Id.*

Prosecutorial Misconduct

Petitioner claims that his due process rights were violated based on misconduct of the prosecutor. Specifically, he asserts that the prosecutor improperly misled him and his counsel by making promises that were never performed.

Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id.* at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman v. State*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 2471, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to

make the resulting conviction a denial of due process." *Id.* In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Moreover, the burden is on the habeas petitioner to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id.*

Petitioner asks, "why would defense counsel instruct her client to sign a Judicial Confession, unless she BELIEVED the outcome of [the cases] was 'predetermined?'" Although it is not abundantly clear, Petitioner has apparently concluded that the prosecutor must have made promises to Petitioner's trial counsel that she did not honor. Petitioner presents nothing in support of his contention, however. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Petitioner also complains that the prosecutor winked at Petitioner's trial counsel. He interprets the wink to mean that the prosecutor tricked counsel into believing that Petitioner would receive a ten-year sentence through his open guilty plea. Again, he provides no evidence in support of his claim. *Ross*, 694 F.2d at 1012; *Woods*, 870 F.2d at 288, *Schlang*, 691 F.2d at 799.

Petitioner has not shown that the prosecutor's actions deliberately violated an express court

---

[1] Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id.*

order or that the prosecutor's misconduct was "so blatant as to border on being contumacious." *Stahl*, 749 S.W.2d at 831. He has not shown that the prosecutor's conduct prevented a fair trial. *Jones*, 69 F.3d at 1278. Nor has he shown that the prosecutor's comments or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181, 106 S. Ct. at 2471. Petitioner has failed to meet his burden. These claims are wholly unsupported and are without merit.

Petitioner's claims must fail for the additional reason that Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Exhaust and Procedural Default

Petitioner claims that his appellate counsel was ineffective. However, he has not previously presented this claim to the Court of Criminal Appeals of Texas. Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must

be presented to and ruled on by the Court of Criminal Appeals of Texas (CCA). *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225. Finally, if one or more of the petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition, and the entire petition may be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 192 S. Ct. 1198, 71 L. Ed.2d 379 (1982).

In this case, Petitioner failed to raise the issue of ineffective appellate counsel. He has presented, for the first time, an issue to the federal courts before the state court has had the appropriate opportunity to review it, and if necessary, correct any constitutional errors.

This claim is also procedurally barred. "A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *citing Coleman*, 501 U.S. at 735 n.1. If Petitioner presented the claims at this time to the Court of Criminal Appeals in another state writ application, the court would find the claims to be procedurally barred under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Thus, Petitioner's claims would be barred from federal habeas review under the federal procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995), *cert. denied*, 515 U.S. 1153 (1995) (the Texas abuse of the writ doctrine is an adequate procedural bar for purposes of federal habeas review). The procedural

bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id.*; *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner has failed to overcome the procedural bar by demonstrating either cause and prejudice for the defaults or that a fundamental miscarriage of justice would result from the court's refusal to consider the claims. *Fearance,* 56 F.3d at 642; *Finley*, 243 F.3d at 200. Accordingly, the claim is procedurally barred from federal habeas review.

Even if it was not barred, Petitioner has failed to show that appellate counsel was ineffective. The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland* , 466 U.S. at 687, 104 S. Ct. at 2065. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with

arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

In the instant case, Petitioner's appellate counsel filed a 21-page brief raising three issues. Petitioner has failed to show that a motion for new trial was warranted. He provides no evidence that appellate counsel performed deficiently. Petitioner fails to show a reasonable probability that, but for his counsel's deficient performance, he would have prevailed on his appeal. *Robbins*, 528 U.S. at 285, 120 S. Ct. at 764. This issue is without merit.

## Conclusion

Petitioner knowing and voluntarily pleaded guilty. By doing so, all nonjurisdictional deprivations that occurred prior to the plea were waived. *Henderson*, 411 U.S. at 267, 93 S. Ct. at 1608. In each of his ineffective assistance of counsel claims that were not waived by his guilty plea, Petitioner has shown neither deficient performance nor prejudice. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has failed to show that the trial court abused its discretion or that the prosecutor engaged in misconduct. Petitioner's issue concerning ineffective assistance on appeal is unexhausted and procedurally defaulted. Accordingly, it is procedurally barred from federal habeas review. Finally, Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784. Accordingly, his petition should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court, nonetheless, will address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability. It is therefore

**ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 24th day of March, 2015.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE